**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAMIEN SHIELDS,

Defendant-Appellant.

No. 98-3059
(D.C. No. 97-40044-01-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant was indicted for possession with intent to distribute a controlled substance in violation 18 U.S.C. § 841(a)(1). After his motion to suppress was denied, defendant entered a guilty plea to the offense charged in the indictment, reserving his right to appeal the denial of the motion to suppress. Defendant was sentenced to sixty months' imprisonment. He now appeals the district court's denial of his motion to suppress.

On May 2, 1997, Officer Khatib, of the Lawrence, Kansas Police Department, submitted an affidavit and obtained a warrant to search for cocaine and other specifically named items connected with illegal drug and gambling activities. The warrant authorized the search for the items named "in or upon"

1. The premises located at 804 New Jersey, Lawrence, Douglas County, Kansas. The residence is white with yellow trim and has an attached room on the east side of it.

2. A camper located in the back yard of 804 New Jersey, Lawrence, Douglas County, Kansas. The camper is white in color.

3. The person of all persons present in and around 804 New Jersey, Lawrence, Douglas County, Kansas.

4. The person of all persons present in the camper, alley, and vacant lot east of the residence located at 804 New Jersey, Lawrence, Douglas County, Kansas.

5. A blue 1984 Oldsmobile with Douglas County, Kansas personalized registration: BABYBOY.

6. Any vehicle present in the alley or vacant lot east of the residence located at 804 New Jersey, Lawrence, Douglas County, Kansas.

R. Vol. I, Doc. 19, Ex. 2A. Many officers took part in executing the search warrant at 9:30 that night, and twenty-three people were detained pursuant to the warrant. Defendant was among them. He was handcuffed and detained immediately outside the back door of the residence, and he was searched within three to five minutes of the beginning of the raid. As Officer Khatib helped defendant up off the ground preparing to search him, defendant stated that the money lying on the ground and in the back doorway near him was his and that he did not want to leave it there. Officer Khatib gathered the money and a Kansas identification card belonging to defendant, secured them, and searched defendant's person. The search revealed, among other things, car keys and a plastic bag containing what the officer believed was crack cocaine. The officer showed defendant the plastic bag and said, "'This is what I found on you.'" *Id.* R. Vol. II at 37. In reply, defendant stated, "'That's not mine. You won't find my fingerprints on it.'" *Id.* at 20. Defendant was arrested and removed from the scene. Shortly thereafter, Officer Khatib located what he knew to be defendant's car, which was parked on the street nearby. The officer looked in the window and saw a set of metal postal scales. Knowing from his experience with illegal drug activity that metal postal scales are commonly used to weigh drugs, Officer Khatib unlocked the car with the keys and seized the scales.

In this appeal from the denial of his motion to suppress, defendant argues three points: (1) the warrant was overbroad in authorizing the search of all persons around 804 New Jersey and it violated the particularity requirement of the Fourth Amendment; (2) the warrantless search of defendant's car was unreasonable and violated of the Fourth Amendment; and (3) defendant's detention and search were illegal, and, therefore, any statements he made during the raid were fruits of an illegal detention and search and should have been suppressed.

> Our standard of review for the denial of a motion to suppress is to accept the trial court's findings of fact unless clearly erroneous and to view the evidence in the light most favorable to the government. However, the determination of the sufficiency of a warrant under the Fourth Amendment is a conclusion of law we review de novo.

*United States v. Dahlman*, 13 F.3d 1391,1394 (10th Cir. 1993) (citation omitted). Guided by these general standards, we affirm.

Defendant argues that the search warrant was lacking in particularity because it authorized a search of all persons in and around 804 New Jersey. He claims that this lack of specificity runs afoul of the Fourth Amendment requirement that a warrant describe the things to be seized and the places to be searched with particularity. We review this allegation de novo. *See United States v. Finnigin*, 113 F.3d 1182, 1186 (10th Cir. 1997). This court has never been called upon to decide the validity of an "all persons" warrant, but the prevailing

-4-

view is that such a warrant is not a *per se* violation of the particularity requirement of the Fourth Amendment solely because it does not describe or name the persons to be searched. Rather, the validity of such a warrant turns on the probable cause supporting the warrant. *See Marks v. Clarke*, 102 F.3d 1012, 1029 (9th Cir. 1996) (holding that "warrant to search 'all persons present' for evidence of a crime may only be obtained when there is reason to believe that all those present will be participants in the suspected criminal activity"); *accord, State v. Kinney*, 698 N.E.2d 49, 53-54 (Ohio 1998), *petition for cert. filed* (U.S. Nov. 30, 1998) (No. 98-7487); *State v. Doyle*, 918 P.2d 141, 143 (Utah Ct. App. 1996); *People v. Johnson*, 805 P.2d 1156, 1159-60 (Colo. Ct. App. 1990); *State v. Hinkel*, 365 N.W.2d 774, 776 (Minn. 1985); *State v. De Simone*, 288 A.2d 849, 850-51 (N.J. 1972); *see also* 2 Wayne R. LaFave, *Search & Seizure* § 4.5(e) (3d ed. 1996); 1 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 3.4(e) (1984). *Cf. Ybarra v. Illinois*, 444 U.S. 85, 92 n.4 (1979) (leaving open question of whether warrant authorizing search of unnamed persons present at particular place would be valid if warrant were supported by probable cause to believe that persons in the place at time of search will be in possession of illegal drugs). The reasoning is that,

> with regard to the Fourth Amendment demand for specificity as to
> the subject to be searched, there is none of the vice of a general
> warrant if the individual is . . . identified by physical nexus to the
> ongoing criminal event itself. In such a setting, the officer executing

-5-

the warrant has neither the authority nor the opportunity to search everywhere for anyone violating a law. So long as there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant, presence becomes the descriptive fact satisfying the aim of the Fourth Amendment. The evil of the general warrant is thereby negated.

*De Simone*, 288 A.2d at 850-51.

The crucial question in assessing the validity of an "all persons" warrant is whether there is a "sufficient nexus among the criminal activity, the place of the activity, and the persons in the place to establish probable cause." *Johnson*, 805 P.2d at 1159. Courts that have held "all persons" warrants to be valid have found that the factual basis for the warrant establishes such a relationship. *See id.* at 1159-60 (collecting cases). On the other hand, "all persons" warrants that courts have found did not pass constitutional muster were lacking a nexus between the criminal activity, the place, and the people at the place, so that there was no probable cause to believe every person present is involved in the criminal activity. *See id.* (collecting cases).

Thus, the relevant inquiry in deciding whether this was a valid warrant is whether the affidavit supporting the warrant established a sufficient nexus, resulting in probable cause to believe all those present possessed evidence of criminal activity.

Whether probable cause exists is a determination based on common sense. We will give great deference to the magistrate's determination of probable cause, and will uphold that conclusion if

the totality of the information contained in the affidavit provided a substantial basis for finding there was a fair probability that evidence of criminal activity would be found.

*Finnigin* , 113 F.3d at 1185 (citation and quotation omitted).

The facts surrounding the search warrant in this case present precisely the situation in which an "all persons" search warrant can be justified, and the affidavit properly supported the warrant by detailing enough facts to establish probable cause to believe that all persons at the place were involved in the illegal activity and probably possessed evidence of criminal activity. The fourteen-page affidavit was extremely detailed. It contained information from five different confidential informants identifying the location as a "crack house," it set forth the physical logistics of the crack sales and gambling activities at and around 804 New Jersey, and it attested to the volume of activity and the constantly changing players involved. The affidavit also contained surveillance notes, identifying the comings and goings of many different people in short periods of time and their interaction with people already on the premises. In addition, the affidavit contained an account of a previous raid at the same location, the results of that search, information regarding the tapering off of activity following the raid, and the resurgence of activity sometime later. The affiant officer sufficiently summarized his experience regarding drug activities and knowledge gained therefrom, and he indicated that his conclusions regarding the nature of the

activities at the location were reached by applying that knowledge to the information from the informants and the observations from the surveillance. In sum, the detailed affidavit presented facts clearly establishing probable cause to believe that all persons at the locations described were involved in illegal activity and were likely to have on their persons evidence of illegal activity as specified in the warrant. [1]

Defendant argues that the evidence seized from his vehicle also was obtained in violation of the Fourth Amendment and should have been suppressed. The district court found that the seizure of the postal scales fell within the "plain view" exception to the warrant requirement, and, therefore, no constitutional violation occurred. *See Horton v. California*, 496 U.S. 128, 136-37 (1990) (holding plain view doctrine to permit warrantless seizure of evidence where the officer had a right to be where he was when he viewed the evidence, the incriminating nature of the evidence was immediately apparent, and the officer had a lawful right of access to the object). On appeal, defendant first argues that

---

[1] Having determined that the affidavit established probable cause for the issuance of the "all persons" warrant, we do not reach the question of whether the evidence seized is admissible based on the officers' good faith and reasonable reliance on the warrant. We note that "the preferred sequence is to address the Fourth Amendment issues before turning to the good faith issue unless there is no danger of 'freezing' Fourth Amendment jurisprudence or unless the case poses 'no important Fourth Amendment questions.'" *See Dahlman*, 13 F.3d at 1397 (quoting *United States v. Leon*, 468 U.S. 897, 924, 925 (1984) (alteration in original)).

the evidence should have been excluded because it was discovered as a direct result of an illegal detention and search. Because we hold that defendant's detention and search was pursuant to a valid warrant, this argument has no merit. Next, defendant argues that the second prong of the "plain view" test was not met because the evidentiary value of the postal scales was only realized from "the illegally gained knowledge of [defendant's] association with cocaine from the raid." Appellant's Br. at 19-20. Again, our holding on the validity of the warrant precludes this argument. Additionally, we note that Officer Khatib testified that the incriminating nature of the evidence was immediately apparent to him because of his prior experience with illegal drug activities, not because of defendant's detention and the results of the search at the raid. *See* R. Vol. II at 21. Finally, contrary to defendant's contention, "[i]f police have probable cause to search a car, they need not get a search warrant first even if they have time and opportunity." *United States v. Ludwig*, 10 F.3d 1523, 1528 (10th Cir. 1993).

Finally, defendant argues that any statements he made during the raid should have been suppressed "as the result of his illegal detention and as fruits of the illegal search of his person." Appellant's Br. at 20. In light of our holding that the "all persons" warrant was valid, and, therefore, that defendant was neither illegally detained nor illegally searched, this argument fails. Defendant also contends that, because he was in custody at the time he made the statements, they

should have been suppressed because he was not advised of his rights as required by *Miranda v. Arizona,* 384 U.S. 436 (1966). It is certainly true that *Miranda* warnings are required when a suspect is subjected to custodial interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). However, we agree with the district court's finding in this case that no such warnings were required because, even though defendant may have been in custody, the statement by Officer Khatib upon finding the bag of crack cocaine in defendant's pocket was not interrogation. We agree that defendant's statements were voluntary and spontaneous; the statements were not made in response to words or actions by the officer that were "reasonably likely to elicit an incriminating response." *United States v. Gay*, 774 F.2d 368, 379 (10th Cir. 1985) (citing *Innis*, 446 U.S. at 301).

The district court's denial of defendant's motion to suppress evidence is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge